

**WETHEREEE ELECTRIC CO. v. JONES.**

Civil Action No. 2649.

District Court, W. D. Oklahoma.

June 24, 1947.

Mosteller & McElroy, of Oklahoma City, Okl., for plaintiff

Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

This cause came on for trial and the Court, having heard the evidence, finds the facts and states the conclusions of law as follows:

### Findings of Fact.

I. This action arises under the Internal Revenue Laws of the United States, more particularly the sub-chapters, sections, parts and supplements of Subtitle A, Chapter I—Income Tax, and Chapter II—Additional Income Tax, of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 1 et seq., 500 et seq.

II. The plaintiff is a corporation duly organized and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma.

III. That defendant is a resident of the Western Judicial District of Oklahoma, and is now, and was at all times hereafter mentioned, the duly appointed, qualified and acting Collector of Internal Revenue for the United States of America, in and for the Internal Revenue Collection District of Oklahoma, except for a part of the calendar year 1946. He is herein sued individually and in his official capacity as Collector of Internal Revenue.

IV. That plaintiff was by law required to, and did duly and timely file income and excess-profits tax returns for the calendar year 1941 with the defendant as Collector of Internal Revenue for the Internal Revenue Collection District of Oklahoma; that the normal tax, surtax and excess-profits tax shown on said returns totalled the sum of $12,018.38; and that the plaintiff paid to the defendant, as said Collector, one-fourth of said total taxes, on March 15, 1942, a further one-fourth thereof on June 15, 1942 and the remaining one-half thereof, on September 15, 1942.

V. That in its income and excess-profits tax returns for the calendar year 1941, plaintiff, through an oversight, failed to claim a deduction on account of general overhead expenses applicable to the calendar year 1941, amounting to $21,113.62: that thereafter, on July 8, 1943, plaintiff duly filed, within the time allowed by law, claims for refund of normal tax, surtax and excess-profits tax for the calendar year 1941, totalling the sum of $8,985.88, together with interest thereon as allowed by law; that the aforesaid claims for refund were disallowed in full by the Commissioner of Internal Revenue on April 5, 1944; and that thereafter, and within the time allowed by law, plaintiff duly filed its complaint herein.

VI. That plaintiff is engaged in the wholesale and retail electrical supply business, and in the electrical contracting business; that it keeps its books of account and records on the accrual basis; that throughout its existence it has uniformly and consistently closed its electrical contracts to profit and loss in the year in which such contracts are completed, thereby determining income from its electrical contracting business on the completed contract basis; that for Federal income tax purposes, plaintiff has consistently and uniformly reported its items of income and deductions from its wholesale and retail electrical supply business on the accrual basis, and from its electrical contracting business on the completed contract basis.

VII. That the portion of plaintiff's general overhead expenses fairly and equitably allocable to the calendar year 1941 amounts to $21,113.62 with respect to its electrical contracting business; that under the Internal Revenue Laws and applicable Regulations of the Commissioner of Internal Revenue, plaintiff is entitled to deduct such sum of $21,113.62, in computing its taxable net income for the calendar year 1941; and that such deduction results from the correction of an error in its methods of accounting, and not from a change from one accounting method to another accounting method, and that the accounting methods of the plaintiff before and after correcting said error were the same.

VIII. The Court further finds, upon the testimony offered on behalf of defendant, that assuming the correction of the aforesaid error constituted a change from one method of accounting to another method of accounting, the plaintiff would have been granted leave to make such change if it had made application to the Commissioner of Internal Revenue, that it is the general practice of the Office of the Internal Revenue Agent in Charge, located at Oklahoma City, Oklahoma, to require a taxpayer reporting income and deductions on the completed contract basis for Federal income tax purposes to allocate a fair and equitable portion of general overhead, or indirect expenses, to contracts completed during each tax year and to contracts incomplete at the end of each tax year, in order that income tax returns, in which items of income and deductions are reported on a completed contract basis, will clearly reflect income, and that the plaintiff could have been required by said Office to so allocate its general, or indirect, expenses, if the Commissioner of Internal Revenue had desired that this be done; and that the Commissioner of Internal Revenue, acting through its representatives located in said Office, had not required or made such an adjustment in determining the net taxable income of plaintiff for the calendar year 1941, inasmuch as such adjustment would not have resulted in increasing the Federal income taxes of the plaintiff for said year.

IX. The Court further finds that inasmuch as the plaintiff did not change from one method of accounting to another method of accounting during the calendar year 1941, it was not required to file an application with the Commissioner of Internal Revenue requesting permission to change from one method of accounting to another method of accounting, and further that plaintiff did not file such an application with the Commissioner of Internal Revenue.

## Conclusions of Law.

I. That in order to clearly reflect income, in accordance with the Internal Revenue Laws and the applicable Regulations of the Commissioner of Internal Revenue, the plaintiff, keeping its books of account on the accrual and completed contract bases, is required to allocate an equitable portion of its general overhead,

or indirect expenses, to contracts completed during each tax year, and incomplete at the end of each tax year, and that failure to so allocate general overhead, or indirect expenses, would result in a distortion of its income for Federal income tax purposes, contrary to the Internal Revenue Laws and the applicable Regulations of the Commissioner of Internal Revenue.

II. That plaintiff illegally and erroneously overpaid its normal tax, surtax and excess profits tax for the calendar year 1941, in the sum of $8,985.88, and is entitled to judgment against the defendant in said amount, together with interest thereon as allowed by law.

It is so ordered and counsel for plaintiff will submit an appropriate judgment in accordance herewith.